| | |
|---|---|
| **LOKER LAW, APC** | **ZAKI LAW FIRM** |
| Matthew M. Loker, Esq. (279939) | Andrew E. Zaki, Esq. (313304) |
| matt@loker.law | andrew@zakilawfirm.com |
| 1303 East Grand Avenue, Suite 101 | 4431 W. Rosecrans Ave., Ste. 300 |
| Arroyo Grande, CA 93420 | Hawthorne, CA 90250 |
| Telephone: (805) 994-0177 | Telephone: (424) 218-6084 |

*Attorneys for Plaintiffs,*
Karen Khachatryan; and, Galina Vardanyan

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN KHACHATRYAN; AND, GALINA VARDANYAN<br><br>Plaintiffs,<br><br>v.<br><br>FAIR COLLECTIONS & OUTSOURCING, INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR CREDIT REPORTING ACT;**<br><br>II.  **FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>III. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED** |

| CASE NO.: | *Khachatryan, et al. v. Fair Collections & Outsourcing, Inc., et al.* |
|---|---|
| | **COMPLAINT** |

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

3. KAREN KHACHATRYAN ("Khachatryan"); and, GALINA VARDANYAN ("Vardanyan") ("Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the actions of FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO"); EQUIFAX INFORMATION SERVICES LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and, TRANS UNION LLC ("Trans Union") with regard to attempts by FCO to unlawfully and abusively collect an invalid debt from Plaintiffs, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiffs damages.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiffs, or to a Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside Los Angeles County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiffs are each natural persons who resides in Burbank, California, from whom FCO sought to collect a debt which was alleged to be due and owing from Plaintiffs.

14. In addition, Plaintiffs are both a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); 15 U.S.C. § 1692a(3); and, Cal. Civ. Code § 1785.3(c).

15. FCO is a debt collector operating from the State of Maryland.

16. FCO is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Experian is a corporation located in the State of California.

18. Equifax is a corporation located in the State of Georgia.

19. Trans Union is a corporation located in the State of Pennsylvania.

20. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

21. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

22. The causes of action herein also pertain to Plaintiffs' "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiffs are individuals residing within the State of California.

24. In or about 2020, a dispute arose between Plaintiffs and Equity Residential; Equity Residential Management, L.L.C.; ERP Operating Limited Partnership; and, Michelle Brown.

25. Said dispute related to a property in Los Angeles, CA, Radius Koreatown.

26. This prompted Plaintiffs to initiate an action in the Los Angeles Superior Court entitled *Khachatryan, et al. v. Equity Residential Management, LLC, et al.*, Case No. 20STCV45548.

27. Plaintiffs resolved this matter in a manner that, in part, absolved Plaintiffs of any debts associated with Radius Koreatown.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

28. Despite resolution of this matter, Plaintiffs began receiving written communications from FCO seeking payment of $2,005.81 towards a purported Radius Koreatown debt.

29. In each of FCO's written communications dated August 31, 2022; September 29, 2022; and, October 17, 2022, FCO sought to collect the Radius Koreatown debt.

30. Similarly, FCO placed telephonic communications to Plaintiffs on September 3, 2022 and December 9, 2022 seeking to collect this debt.

31. Through this conduct, FCO violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiffs' forgiven debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

32. Through this conduct, FCO violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of the resolved debt from Plaintiffs.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

33. Through this conduct, FCO violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiffs that FCO knew or should have known to be inaccurate  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

34. Through this conduct, FCO violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the debt from Plaintiffs.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

35. Through this conduct, FCO violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the debt from Plaintiffs. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

36. Through this conduct, FCO violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FCO violated Cal. Civ. Code § 1788.17.

37. Plaintiffs also determined that FCO was reporting an ongoing obligation for the Radius Koreatown account to the credit bureaus.

38. Plaintiffs submitted a dispute to the credit bureaus dated January 31, 2023.

39. Therein, Plaintiffs explained the nature of their dispute and included supporting documentation.

40. FCO was then required to conduct a reasonable reinvestigation into this specific account on Plaintiffs' consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

41. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiffs' consumer report pursuant to 15 U.S.C. §1681i.

42. Plaintiffs unfortunately received notice from the credit bureaus dated in February 2023 notifying them the FCO tradeline would remain on each of their credit files.

43. To date, the FCO tradeline appears on Plaintiffs' Equifax; Experian; and, Trans Union credit reports.

44. FCO submits inaccurate credit information regarding Plaintiffs to the Credit Bureaus every thirty days.

45. The Credit Bureaus did not provide notice to Plaintiffs that Plaintiffs' dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

46. Defendants' investigations were unreasonable.

47. More specifically, FCO should have discovered from FCO's own records, including Plaintiffs' formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiffs provided information showing that the debt was resolved.

48. Plaintiffs contend that it was unreasonable for Defendants to not contact Plaintiffs for further information if needed; and, to not any individuals or parties associated with the prior matter to determine the status of the debt.

49. Accordingly, FCO failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

50. FCO failed to review all relevant information provided by Plaintiffs in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

51. Due to FCO's failure to reasonably investigate, FCO further failed to correct and update Plaintiffs' information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

52. By inaccurately reporting account information after notice and confirmation of its errors, FCO failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

53. Through this conduct, FCO violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that FCO knew or should know was inaccurate.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

54. The Credit Bureaus also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

55. Plaintiffs' continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiffs' dispute with the Credit Bureaus were fruitless.

56. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiffs' credit report in light of Defendants' knowledge of the actual error was willful.

57. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiffs' credit report in light of Defendants' knowledge of the actual error was reckless.

58. Defendants' failure to correct the previously admitted inaccuracies on Plaintiffs' credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

59. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiffs' dispute.

60. Defendants' inaccurate and negative reporting damaged Plaintiffs' creditworthiness.

61. Defendants' conduct has caused Plaintiffs emotional distress.

62. Plaintiffs have spent numerous hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

63. While Plaintiffs were thorough in Plaintiffs' disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiffs' disputes.

64. Plaintiffs' anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiffs as someone that avoids Plaintiffs' financial obligations and significantly harms Plaintiffs' credit score.

65. Despite Plaintiffs' repeated attempts, Defendants continue to report an invalid debt to Plaintiffs' credit report.

66. As a direct and proximate result of Defendants' willful action and inaction, Plaintiffs have suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiffs have further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

67. Based upon the discussion above, Plaintiffs contends that punitive damages are available to Plaintiffs.

68. Similarly, Equifax and Trans Union also received documents in connection with Plaintiffs' dispute that directly contradicted the inaccurate credit reporting.

69. These documents should have caused Equifax and Trans Union to remove the inaccurate information from Plaintiffs' credit report.

70. By intentionally reporting continuing obligations, Equifax and Trans Union acted in conscious disregard for Plaintiffs' rights.

71. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

72. Since Plaintiffs' efforts to be absolved of the invalid debt were unsuccessful, Plaintiffs were required to bring this action to finally resolve Plaintiffs' remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

73. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

75. As a result of each and every negligent violation of the FCRA, Plaintiffs are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

76. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST FCO]

77. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

79. In the regular course of its business operations, FCO routinely furnishes information to credit reporting agencies pertaining to transactions between FCO and FCO'S consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

80. Because FCO is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), FCO is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

81. Since FCO received all documents required to determine the inaccuracy of FCO'S reporting, FCO should have known to update said reporting.

82. FCO also should have determined that FCO'S reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiffs' disputes.

# COUNT III

# VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(P) (FDCPA)

### [AGAINST FCO]

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

85. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

86. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: March 2, 2023                                       Respectfully submitted,

                                                           **LOKER LAW, APC**

                                              By:   ___/s/ Matthew M. Loker___
                                                    MATTHEW M. LOKER, ESQ.
                                                    ATTORNEY FOR PLAINTIFFS